W. E. WEBB, Appellee, v. B. F. BAILEY *et al.* Appellants.

**Partnership:** CONTRACT: CONSTRUCTION.

*Appeal from Taylor District Court.*—HON. H. M. TOWNER, Judge.

MONDAY, OCTOBER 16, 1893.

ACTION by a partner to recover a balance due him under the partnership contract. From a judgment for the plaintiff the defendants appeal. —*Affirmed.*

*Flick & Thomas*, for appellants.

*G. B. Haddock*, for appellee.

KINNE, J.—In August, 1886, the plaintiff and one Charles Cope since deceased, entered into a written agreement, by the terms of which Cope leased to the plaintiff two hundred and forty-six acres of land in Taylor county, Iowa, for a period of three years from and after March 1, 1887. This contract was afterwards extended to include the year 1891. As a part of said contract, Cope placed upon said farm certain stock, feed, and chattels of the agreed value of two thousand, seven hundred and fifty-two dollars. It was also agreed that Cope might thereafter purchase and deliver other stock to Webb on said farm. All of the stock was to be kept and cared for by Webb, and to be prepared for market. The contract then provides: "Upon sale of any of said stock, or the increase thereof, at any time, the said Cope shall receive the money thereon, and shall deduct therefrom all expenses and sums due him for the purchase money of said stock, or principal or interest paid by him for money used in purchasing such stock or purchasing feed for the same, as well as purchase money for feed, and the money remaining, if any, then shall be the money and property of said Cope and Webb; each to have an equal share of such remaining sum." Webb was also to feed and care for the stock, using grain and grass grown on the farm, or that might be purchased by Cope for that purpose. The contract contains other provisions not bearing upon the matter in controversy. In 1891 Cope died, and the appellants are the administrators of his estate. All matters arising under said contract have been settled except one, and to this alone we shall direct our attention.

It is contended by the administrators that, by the terms of the lease, in settlement Cope should be reimbursed for interest paid for money used in purchasing the stock inventoried in the contract; that is, that interest should be computed at ten per cent. upon the two thousand, seven hundred and fifty-two dollars, the agreed value of the stock and other chattels turned over to Webb when he entered upon the farm under the lease. The plaintiff contends that the farm and inventoried chattels were put in

by Cope as against his (plaintiff's) labor. The amount of interest in con-
troversy is one thousand, four hundred and thirty-eight dollars and sixty-
four cents. One-half of this—seven hundred and nineteen dollars and
thirty-two cents—the appellants seek to charge to the account of the
appellee. The appellants, as administrators of Cope, retain this seven
hundred and nineteen dollars and thirty-two cents, which the appellee
seeks to recover. The cause was tried to the court below without a jury,
and a judgment rendered in favor of the plaintiff for the amount claimed,
with interest, from which the administrators appeal.

I.   The contention between the parties arises out of the construction
of the written agreement in so far as it relates to interest. We think the
claim "upon sale of any of the said stock" clearly refers to all the stock
that might be on the farm at the time of such sale, both the inventoried
stock and that which Cope might purchase during the existence of the
lease, as well as the increase of all of it. The language of the agreement
as to interest is not clear, but we think, upon considering all the provi-
sions of the contract, that the intention was to reimburse Cope for the
inventoried stock at its agreed value, and for feed as per said invoice,
and for whatever Cope might thereafter expend, either as interest or prin-
cipal, in the purchase of more stock and feed; that is, he was to be repaid
the agreed value of the stock and feed he put in in the first instance, and
also the value of any additional stock he might purchase, and cost of feed
for the same, and interest on any money he might be compelled to borrow
for the purchase of stock thereafter.

We do not think that the language used, construed in the light of all
the provisions of the contract, can be held to sustain the appellants' con-
tention that the contract provides for payment of interest on the agreed
value of the stock invoiced when the contract was entered into. The
words "purchase money of stock" and "purchase money for feed" evi-
dently refer to stock and feed turned over when the contract was entered
into; and the words, "or principal or interest paid by him for money used
in purchasing such stock, or purchasing feed for the same," refer solely to
stock and feed thereafter to be purchased. In no other way, as it seems
to us, can all parts of the contract be given full effect. The words "pur-
chase money" occur twice in the contract; once referring to stock then
on hand, and again referring to the feed then on hand. Whenever the
future purchasing of stock or feed is provided for, the word "purchasing"
is used, and it is in this connection that the provision for interest is made.
Again, the clause, "or purchasing feed for the same," clearly refers to a
purchase of feed for stock which may be bought in the future, not to a
purchase of feed for stock then in hand. . The clause last referred to fol-
lows immediately after the provisions which authorize Cope to deduct
"principal or interest paid by him for money used in purchasing such
stock."

It is said that our construction of the contract shows it to be an
unreasonable one. That it can not be presumed that Cope, by the lan-
guage used, intended to put in the farm and the two thousand, seven hun-
dred and fifty-two dollars worth of stock, feed, and other chattels as

against the labor of Webb. We can not change the contract entered into by the parties. We can not charge the plaintiff with interest, unless by virtue of the express agreement of the parties, as otherwise there is no debt which can be the basis of an interest charge. Nor can we, in such a case, take notice of what may be the usual custom as to charging interest under circumstances like those disclosed in this case. The only question is, what does the contract provide as to interest? When its meaning in that respect is ascertained, it must be carried out, regardless of its effect on the parties.

We conclude that the court below was right, and its judgment is AFFIRMED.